LYDIA B. VAN ZANDT *et al. vs.* FREDERICK P. GARRETSON.

NEWPORT—SEPTEMBER 25, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Specific Performance.  Legal and Equitable Titles.*

Unless a complainant has the full legal title to the estate, specific performance will not be decreed.

Although in equity the beneficial interest in property is the controlling and real interest, yet a bill for specific performance calls for action on a legal title, and equity is not free to deal with the parties simply on the basis of equitable rights.

(2)  *Election, Equitable Conversion, and Reconversion.*

Where under a devise an estate is to be sold and the proceeds divided among designated parties, such direction amounting to an equitable conversion of the estate into personalty, an election by all the parties in interest to reject the provision for a sale will not vest the legal title to the estate in them.

*Van Zandt* v. *Garretson*, 21 R. I. 352, affirmed.

BILL IN EQUITY for specific performance.  Heard on motion of complainant for leave to re-argue the cause, decided in 21 R. I. 352.  Motion denied.

STINESS, J.  This bill, for the specific performance of a contract by the respondent to purchase certain real estate in Newport, was before the court in June last.  It was then contended by the complainants that, as they are all the beneficiaries under a power of sale of the land in question, the legal title was vested in them under the statute of uses. Our decision was that there was no devise of the legal title upon which the statute could operate to carry the title over to the beneficiaries.  Hence the complainants could not give the respondent the legal title to the estate, which remains in the testator's heirs at law, subject to be divested by a sale under the power, and that the court could not compel him to take a mere equitable title, however complete it might be as such.

Conceding the correctness of the decision so far, the complainants now claim that they are entitled to a decree upon

the ground, not then presented, that they hold the legal title by reason of their election to reject the provision for a sale and distribution of proceeds by an administrator and the consequent reconversion of the estate into realty, which election is evidenced by their contract to sell. Assuming the fact of a complete election, they claim that, *ipso facto*, the legal title vests in them. In support of this claim they rely on *Craig v. Leslie*, 3 Wheat. 563, and the cases cited in 7 Am. & Eng. Ency. L. 2 ed. p. 481, notes 9 and 12. We have examined the numerous cases so cited, and, with one exception, they sustain no such proposition. It must be borne in mind that the doctrines of conversion and reconversion are purely equitable, and are enforceable only in a court of chancery juris-

(1) diction. The complainants' claim rests upon a confusion of equitable and legal estates, which the court has been obliged carefully to observe for the reason that, unless the legal estate in this case could be transferred, it could not decree specific performance. We fully agree with the complainants that in equity the beneficial interest in property is the controlling and the real interest. If this case involved only equitable rights, we would not hesitate to say that the beneficiaries are the real owners of the property, and to deal with them accordingly. While this is a bill in equity, it calls for action on a legal title, and so the court is not free to deal with the parties simply on the basis of equitable rights. Without discussing the cases in detail, it is enough to say that *Craig v. Leslie*, all of the English cases, and most of the American cases were proceedings in equity, in which the courts decided the equitable rights of the parties. Some of them have general expressions about the property vesting in or belonging to the beneficiary on election ; but as the remarks of a court must be considered with reference to the case before it, it will be found that such expressions relate only to the equita-

(2) ble rights. Not one of the cases decides that the legal title will vest in a beneficiary by his own act of election. In *Biggs v. Peacock*, 22 Ch. Div. 284, the contrary is implied. Jessel, M. R., said : " Here the estate is converted into personalty and the *cestuis que trust* are only entitled to shares in the

proceeds. Although no doubt if all are of age and *sui juris* they could call upon the trustee to convey the estate to them, yet none of them has a right, in opposition to the others, to insist upon partition being made of it, which would be dealing with it as if it were real estate."

Cotton, L. J., said: "True, if all the *cestuis que trust* agreed, they might call upon the trustees to convey the estate to them, and then there would be a reconversion into real estate."

In that case all the *cestuis* did not agree; but, even if they had agreed, the case recognizes the necessity of a conveyance of the legal estate in order to give them full title. The same doctrine was recognized in *Taylor* v. *Taylor*, 9 R. I. 119, where the complainant, having the entire beneficial estate, brought a bill to compel a trustee, charged with no active duty, to convey the legal title to him, and the court so ordered. Is there such magic in a reconversion by an act of election that, *ipso facto*, the beneficiary is vested with a legal title, while a beneficiary under an express devise or grant must apply to the court for a conveyance of it?

Most of the American cases cited, other than those in equity, decided that there had been no election, and so, of course, they could not decide that the legal title vested. Other cases have arisen on agreed facts, action for account, appeal from surrogate's decree, etc., to determine rights of parties in distribution, which do not involve the vesting of a legal title.

*De Vaughn* v. *McLeroy*, 82 Ga. 687, appears to have been an action at law for possession, but under code provisions which allow *cestuis que trust* to sue on their equitable title.

In *Shallenberger* v. *Ashworth*, 25 Pa. St. 152, it was held that on election the title vested in the legatee, the testator's daughter. The court seems to have applied the equitable doctrine to an action at law; but whether the daughter was the only heir at the time, so that the legal and equitable titles merged, is not clear, and the opinion offers no reason or authority in its support.

In *Armstrong* v. *McKelvey*, 104 N. Y. 179, Finch, J., said:

"It may well be that, while the reconversion changed the defendants from legatees of money to devisees of land, the change did not divest the heirs at law of their legal title, and *ipso facto* transfer that title to the defendants, as might easily be held where the devisees and heirs at law were absolutely identical. But that inquiry need not be pursued. The legal title which descended was purely formal, utterly barren and naked, and the effect of the defendants' election was, at least, to vest in them the equitable ownership of and the entire beneficial interest in the land, and enable them at any moment to require and compel from the holders of the formal title its complete transfer." As that was a suit against the devisees for debts of the testator, it was not necessary, under code provisions, that they should have the legal title, and hence what we have quoted, like most of the remarks relied on by the complainants, is *dictum;* but we have quoted it because it points out so clearly the distinction which the complainants lose sight of, but which is vital in this case. In common speech every one would say that the equitable owner is the owner. No one would say that an heir holding the bare legal title owned any interest in an estate. And yet, until the law of real estate is simplified, that legal title has an importance which we cannot ignore. Let us apply a simple test. Suppose, before the act allowing equitable pleas in actions at law, the respondent had taken this title and the heirs had brought ejectment against him on the legal title. What defence could he have made ? That he was entitled to the possession ? The court would have replied that under the will he was entitled only tó proceeds of sale ; that reconversion was an equitable doctrine which courts of law could not administer. He would have been obliged to resort to equity to get in the legal title. Now in specific performance this is just the chance that the court will not require one to take. One cannot be compelled to take a title which he can maintain only by a suit in equity, even though such suit must be successful. The vendor must offer a title which will give the vendee a secure possession both in law and equity. If anything is to be done to get in the complete title, the vendor

is the one to do it.    Hence it was held in *Read* v. *Power*, 12
R. I. 16, approved in *Sprague* v. *Sprague*, 13 R. I. 701, that,
although the vendor holds the full equitable title, he is not
entitled to a decree for specific performance until 'the estate
is perfected by a conveyance from the trustee.

In this case, if there is to be a sale under the will it must
be by an administrator.    If the beneficiaries do not want
such a sale, but want to dispose of the estate themselves,
they must get in the legal title before they can enforce a
contract of sale.    There might be little risk in buying the
equitable estate, as against a bare legal title, for the equities
would go to the purchaser, but that is a matter for him to
determine.    We have only to say that he cannot be com-
pelled, on a contract for the full estate, to take the equitable
without the legal title.

*Samuel R. Honey*, for complainants.
*William P. Sheffield*, for respondent.